UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIANA SHELENE WEBB,

                   Plaintiff,                     Case No. 2:16-cv-10015
                                               Magistrate Judge Anthony P. Patti

v.

COMMISSIONER OF
SOCIAL SECURITY,

                   Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 25), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 26) and AFFIRMING THE DECISION OF THE COMISSIONER OF SOCIAL SECURITY

**I.      BACKGROUND**

Plaintiff, Kiana Shelene Webb, brings this action under 42 U.S.C. § 405(g)

and 42 U.S.C. § 1383(c)(3) for review of a final decision of the Commissioner of

Social Security ("Commissioner") denying her applications for disability insurance

(DI) benefits and supplemental security income (SSI) benefits.  Plaintiff filed these

applications on May 10, 2013, alleging that she has been disabled since October

18, 2011, at the age of 35.  (R. at 142-145, 146-151.)  Plaintiff's applications were

denied on July 22, 2013, and she sought a *de novo* hearing before an

Administrative Law Judge ("ALJ").  (R. at 67-92, 97-98, 103-105.)  ALJ B. Lloyd

Blair held a hearing on September 3, 2014 and subsequently determined that

Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 42-66, 22-41.)   On November 4, 2015, the Appeals Council denied Plaintiff's request for review.  (R. at 1-7, 16-20.)  ALJ Blair's decision became the Commissioner's final decision.  Plaintiff then timely commenced the instant action on January 4, 2016.  (DE 1.)

## II.    THE INSTANT MOTIONS

In her motion for summary judgment, Plaintiff asserts that ALJ Blair committed reversible error by:  **(1)** determining her claim on the basis of an incomplete record; **(2)** concluding at Step 3 that the severity of Plaintiff's mental impairments does not meet or medially equal the criteria of Listings 12.04 ("Depressive, bipolar and related disorders") and 12.06 ("Anxiety and obsessive-compulsive disorders"); and **(3)** failing "to give adequate consideration to the expert medical opinions of Claimant's treating and examining physicians" within the Step 4 RFC determination  (DE 25 at 2-3, 24-29.)  The Commissioner opposes the motion and has filed a motion for summary judgment, arguing that substantial evidence supports the Commissioner's decision and that any error the ALJ may have made was harmless.  (DE 26.)

The parties have consented to my authority.  (DEs 11, 14, 15.)  A hearing was held on March 2, 2017, at which Plaintiff and her counsel (Lisa A. Welton) appeared in person and Defendant's counsel (AUSA Natasha Oeltjen of

Massachusetts) appeared by telephone.  (*See* DEs 28, 31, 32.)  Following oral

argument, I took these motions under advisement.

## III.   STANDARD OF REVIEW

The District Court has jurisdiction to review the Commissioner's final

administrative decision pursuant to 42 U.S.C. § 405(g).  When reviewing a case

under the Social Security Act, the Court "must affirm the Commissioner's decision

if it 'is supported by substantial evidence and was made pursuant to proper legal

standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see*

*also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as

to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under

this standard, "substantial evidence is defined as 'more than a scintilla of evidence

but less than a preponderance; it is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241

(quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir.

1994)).  In deciding whether substantial evidence supports the ALJ's decision, the

court does "not try the case *de novo*, resolve conflicts in evidence or decide

questions of credibility."  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007);

*Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court,

to evaluate the credibility of witnesses, including that of the claimant.").

3

Furthermore, the claimant "has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability." *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV.   DISCUSSION

### A.   Plaintiff has not shown a procedural due process error that warrants remand.

Plaintiff's procedural due process argument stems from Exhibit 15F's absence from the administrative record at the time the ALJ rendered his November 19, 2014 decision and extends to the Appeals Council's November 4, 2015 consideration of the missing evidence.  (DE 25 at 24-25.)

### 1.    Submitting written evidence to an ALJ

On August 28, 2013, Plaintiff, on her own behalf, requested a hearing by an ALJ, noting that she had additional evidence to submit from Heron Ridge Associates and Dr. Grimm.  (R. at 97-98.)  At that time, she was also supposed to "submit information or evidence as required by § 404.1512 or any summary of the evidence to the administrative law judge."  20 C.F.R. §§ 404.935(a), 416.1435(a). As that regulation further provides, "[e]ach party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform [the SSA] about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing."  20 C.F.R. §§ 404.935(a), 416.1435(a).

The September 3, 2013 hearing process explanation sent to Plaintiff explained the process for "Providing Additional Evidence."  (R. at 106-108.) Significantly, this notice provides:  "We can help you get evidence you believe the ALJ should see.  If you need help, contact our office, your local Social Security office, or your representative (if you appoint one) immediately[,]" and "[i]f a

physician, expert, or other person is not providing documents important to your case, you may ask the ALJ to issue a subpoena." (R. at 107.) Approximately four months later, on January 9, 2014, Plaintiff retained counsel. (R. at 113-114, 115.) A hearing was noticed for September 3, 2014. (R. at 116-133.) The hearing notice contained a section entitled, "You May Submit More Evidence and Review Your File." (R. at 117, 123.)

The opening paragraph of Plaintiff's September 3, 2014 hearing brief alleges that "updated mental health treatment records remain outstanding from Claimant's treating psychiatrist Dr. [Mallhi], and therapist D. [Hartman][,]" and requests that "the administrative record remain open for a period of 2 weeks post-hearing to permit *submission* of this material evidence *upon receipt of same by Claimant's counsel*." (R. at 226-230 (emphases added).) A hearing was conducted that same day. (R. at 42-66.) Approximately 2 ½ months later, ALJ Blair issued his November 19, 2014 decision, based on medical records found at Exhibits 1F through 14F. (R. at 22-41). In other words, the ALJ issued his decision without the benefit of Exhibit 15F. There is no evidence that the ALJ failed to keep the record open for a two week period after the hearing, as requested.

### a.    Plaintiff's responsibility to develop the record

Plaintiff claims her counsel "repeatedly requested the updated mental health treatment records of HRA [Heron Ridge Associates], but the records were not

produced prior to the hearing, or within the extended time provided by the ALJ post hearing." (DE 25 at 25.) To determine whether Plaintiff had any further responsibility to develop the record once she brought it to the ALJ's attention in her hearing brief, the Court looks to the SSA regulation that specifically addresses evidence. In general, it provides:

> . . . you have to prove to us that you are blind or disabled. *You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled.* This duty is ongoing and requires you to disclose any additional related evidence about which you become aware. This duty applies at each level of the administrative review process, including the Appeals Council level if the evidence relates to the period on or before the date of the administrative law judge['s] hearing decision. We will consider only impairment(s) you say you have or about which we receive evidence.

20 C.F.R. §§ 404.1512(a), 416.912(a) (emphasis added). Moreover, as to the claimant's responsibility, the evidence regulation further provides: "*You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled.* When you submit evidence received from another source, you must submit that evidence in its entirety, unless you previously submitted the same evidence to us or we instruct you otherwise." 20 C.F.R. §§ 404.1512(c), 416.912(c) (emphasis added).

Here, Plaintiff's counsel's hearing brief, which is dated the same day as the hearing itself, asserts that the missing evidence is "material." (R. at 226.) Thus, even if the Commissioner is correct that Plaintiff's counsel did not raise the

missing records issue at the hearing (DE 26 at 6), it is clear that she expressly brought this issue to the ALJ's attention on that same date.

### b.     The ALJ's responsibility to develop the record

In support of her argument, Plaintiff cites the regulation regarding ALJ hearing procedures:

> A hearing is open to the parties and to other persons the administrative law judge considers necessary and proper.  At the hearing, the administrative law judge looks fully into the issues, questions you and the other witnesses, and, subject to the provisions of § 404.935: Accepts as evidence any documents that are material to the issues; may stop the hearing temporarily and continue it at a later date if he or she finds that there is material evidence missing at the hearing; and may reopen the hearing at any time before he or she mails a notice of the decision in order to receive new and material evidence.  The administrative law judge may decide when the evidence will be presented and when the issues will be discussed.

20 C.F.R. §§ 404.944, 416.1444.  Plaintiff seems to allege that ALJ Blair failed to "look[] fully into the issues" at the September 3, 2014 hearing, as he "should have tried to obtain this medical evidence before deciding the claim but did not."  (DE 25 at 25.)

Here, the Court considers whether the ALJ, having been put on notice by Plaintiff's hearing brief that certain evidence had yet to be secured, had a duty to further develop the record before issuing his decision or to withhold his decision until the records were submitted.  As to the SSA's responsibility, the evidence regulation instructs:

> Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application. *We will make every reasonable effort to help you get medical reports from your own medical sources **when you give us permission to request the reports***.

20 C.F.R. §§ 404.1512(d), 416.912(d) (emphases added).  Plaintiff's argument does not cite to any evidence that she gave the ALJ permission to request the records at issue, nor does she provide authority for a presumed argument that the ALJ had a duty to withhold his decision indefinitely until the records were received.  (DE 25 at 24-25.)  Moreover, Plaintiff did not ask the ALJ to obtain or subpoena the additional records, let alone give permission for him to do so; to the contrary, Plaintiff made clear an intention to undertake that task *herself*, by stating that the material evidence would be submitted "upon receipt of same by Claimant's counsel."  (R. at 226.)  The record is devoid of any request to the Commissioner for assistance in carrying out this record gathering.

## 2.   Review by the Appeals Council

On January 15, 2015, Plaintiff requested review by the Appeals Council and an extension of time to submit "additional evidence."  (R. at 19, 234.)  Based on the facsimile time-stamp, it appears that Plaintiff's counsel received the documents at issue on January 29, 2015.  Exhibit 15F is comprised of 47 pages of documents from Heron Ridge Associates, PLC and includes:

- An August 13, 2013 Adult Personal History and Initial Evaluation (R. at 447-457)

- September 2013 Person-Centered Master Treatment Plan, Consultation Form, Adult Biopsychosocial Assessment, Psychiatric Evaluation and Consent for Use of Psychiatric Medications (R. at 458-464, 479-483)

- A December 2013 Treatment Plan Review Form (R. at 465)

- A March / April 2014 Treatment Plan Review Form (R. at 466)

- A January 8, 2015 request for prescription (R. at 493)

This exhibit also includes what appear to be therapy notes dated August 2013 through August 2014 (R. at 467-478) and Medication Reviews dated October 2013 through November 2014 (R. at 484-492).

The Appeals Council will review a case if, among other reasons, it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In order for the Appeals Council to consider such evidence, Plaintiff must "show good cause for not informing [the SSA] about or submitting the evidence as described in § 404.935 because[,] [for example,] [y]ou actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing[.]" 20 C.F.R. §§ 404.970(b), 416.1470(b).

On March 10, 2015, the Appeals Council granted Plaintiff's request for an extension of time to submit additional material. (R. at 12.) Plaintiff represents that she submitted the missing evidence to the Appeals Council and it was admitted into the record. (DE 25 at 25.) Based on the Appeals Council exhibits list and order, there is no dispute that the Appeals Council had Exhibit 15F before it when it rendered its November 4, 2015 denial of Plaintiff's request for review. (R. at 5, 6.)

Instead, at issue in this appeal is the *adequacy* of the Appeals Council's *review* of the Heron Ridge Associates records dated August 13, 2013 through November 18, 2014 (the day before ALJ Blair's decision). (DE 25 at 25, Ex. 15F [R. at 447-493].) In pertinent part, the Appeals Council's November 4, 2015 decision states:

> In looking at your case, we considered the reasons you disagree with the decision and *the additional evidence* listed on the enclosed Order of Appeals Council.
>
> We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of evidence of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(R. at 2 (emphasis added).)

I conclude that Plaintiff has not shown that she suffered a violation of procedural due process that warrants remand. Preliminarily, "[a]n Appeals Council order denying review is not . . . a reviewable order; such an order serves

only to make the decision of the ALJ the final reviewable decision of the Secretary." *Meeks v. Sec'y of Health & Human Servs.*, No. 92-6303, 1993 WL 216530, *1 (6th Cir. June 18, 1993). Moreover, even if, *arguendo,* the Appeals Council's November 4, 2015 denial of Plaintiff's request for review were reviewable, the above quoted portions of the Appeals Council's decision indicate that it considered "the additional evidence listed," which would include Exhibit 15F. (R. at 2, 6.) This Court takes the Appeals Council at its written word – that the additional records were indeed considered – and Plaintiff makes no showing to the contrary.

Finally, even if the Appeals Council's order were reviewable, and even if this Court were to assume that the Appeals Council inadequately considered the 47 pages in Exhibit 15F, Plaintiff has not shown that such error was harmful. For starters, 12 of those pages were duplicates of records already contained within Exhibit 9F. (*Compare* R. at 339-343, 348-351 & 352-353; R. 456-457, 467-471, 479-482 & 484.)[1] More importantly, Plaintiff has not shown how the 35 pages of "new evidence"[2] would have resulted in a different decision. Although Plaintiff

---

[1] Heron Ridge Associates records are located at both Ex. 9F (R. at 337-353) and Ex. 15F (R. at 447-493).

[2] The 35 pages of "new" evidence presented in Exhibit 15F consists of the August 13, 2013 adult personal history (R. at 447-455), the September 11, 2013 consultation form (R. at 460), the September 12, 2013 consent for use of psychiatric medications (R. at 483), the September 24, 2013 adult biopsychosocial

cites Exhibit 15F within her review of the medical evidence and again within her description of the evidence submitted to the Appeals Council, she does so quite generally. (*See* DE 25 at 14, 23.) Thus, her argument that Exhibit 15F (or the HRA records dated August 13, 2013 to November 18, 2014) was "not considered" (DE 25 at 25) does not illustrate to this Court how the "new" or "non-duplicative" evidence should have altered the ALJ's and/or Appeals Council's decisions. In other words, she has failed to show that "there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

### 3. Sentence six

Plaintiff's alternative request for relief seeks a "sentence six remand" pursuant to 42 U.S.C. § 405(g). The Commissioner points out that Plaintiff has failed to show that the evidence was unavailable to her "at the time of the administrative proceeding, that there is a reasonable probability it would have changed the ALJ's disability finding, or that she was justified in failing to submit the records in a timely manner." (DE 26 at 12.)

"[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the

---

assessment and centered master treatment plan (R. at 458-459, 461-464), the November 2013 through November 18, 2014 notes of Dr. Mallhi / therapist Hartman (R. at 465-466, 472-478, 485-492) and the January 8, 2015 notes of Dr. Mallhi (R. at 493).

district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan,* 2 F.3d 692, 695–96 (6th Cir.1993)). However, this Court can "remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is *new* and *material*, and that there was *good cause* for not presenting it in the prior proceeding." *Id.* (emphases added). As the Sixth Circuit has explained:

> For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." Such evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." A claimant shows "**good cause**" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. As noted above, the burden of showing that a remand is appropriate is on the claimant.

*Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (emphases added) (internal citations omitted).

With specific reference to several records, Plaintiff contends that "new and material evidence [was] submitted to the Appeals Council[,]" and that "the failure to consider it mandates remand." (DE 25 at 2, 23, 25.) However, as illustrated above, Exhibit 15F was considered by the Appeals Council. Moreover, the Appeals Council correctly dismissed the January 2015 and February 2015 medical source statements on the basis that they post-dated the ALJ's November 2014

14

decision.  (R. at 2, 15, 21.)  Thus, while Plaintiff may be challenging the *adequacy* of the Appeals Council's review of such evidence, which is addressed above, Plaintiff cannot say that this evidence was "new" to the Appeals Council.

Furthermore, "where new evidence is presented after the administrative hearing is closed, the 'court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is *material.*'" *Snider v. Comm'r of Soc. Sec.*, 328 F. Supp. 2d 703, 710 (E.D. Mich. 2004) (quoting *Wyatt v. Secretary of Health and Human Services,* 974 F.2d 680, 685 (6th Cir.1992)) (emphasis added).  "In order for the claimant to satisfy this burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence."  *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).  Although Plaintiff refers to these records as "new" and/or "material" within her table of contents, her summary of the administrative proceedings and her summary of the administrative record (*see* DE 25 at 2, 6, 23), her conclusory assertion that the August 13, 2013 to November 18, 2014 HRA records were "new and material" and that "the failure to consider it mandates remand[,]" (*see* DE 25 at 25), without more, makes no such showing.

## 4.    Conclusion

Plaintiff has not shown that she was denied procedural due process before the ALJ or the Appeals Council.  Nor has she shown an entitlement to remand under Sentence six.  Therefore, she is not entitled to remand on either of these bases.

**B.     The ALJ appropriately evaluated the opinion evidence within the Step 4 RFC determination.**

Plaintiff argues that the ALJ did not give appropriate weight to the opinion evidence, particularly that of Dr. Mallhi, Dr. Mills and Dr. Balunas.[3]  The Commissioner posits that substantial evidence supports ALJ Blair's weighing of the opinion evidence.  (DE 26 at 20-26.)

**1.     Consideration of opinion evidence when treating physician's opinion is discounted**

If the ALJ does not afford controlling weight to a treating physician's opinion, as is the case here, the ALJ must meet certain procedural requirements. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  Specifically, if an ALJ does not give a treating source's opinion controlling weight:

> [A]n ALJ must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion,

_____

[3] Although the ALJ made several assignments of weight within his November 19, 2014 Step 3 and Step 4 RFC determinations, Plaintiff's allegations of error in this appeal concern her mental impairments.  Therefore, this opinion does not address the weight assigned to Drs. Vaupel, Edmond and Needleman's opinions.  (R. at 34-35.)

> consistency of the opinion with the record as a whole, and the
> specialization of the treating source—in determining what weight to
> give the opinion.

*Wilson*, 378 F.3d at 544 (citing 20 C.F.R. § 404.1527(d)(2), now 20 C.F.R.

404.1527(c)(2)).  However, there is no *per se* rule that requires a written

articulation of each of the six regulatory or "*Wilson* factors" listed in 20 C.F.R. §§

404.1527(c)(1)-(6), 416.927(c)(1)-(6).  *Tilley v. Comm'r of Soc. Sec.*, 394 F.App'x

216, 222 (6th Cir. 2010).  In other words, the regulations do not require "an

exhaustive factor-by-factor analysis."  *Francis v. Comm'r of Soc. Sec.*, 414

F.App'x 802, 804-805 (6th Cir. 2011) (citing 20 C.F.R. § 404.1527(d)(2), now 20

C.F.R. § 404.1527(c)(2)).

## 2.    Treating provider Naumaan Mallhi, D.O.

Dr. Mallhi's October 2013 "treating mental health care professional

questionnaire" specifically evaluated Plaintiff as to Listings 12.04 and 12.06,

noting between the two that Plaintiff had "marked restriction of activities of daily

living[,]" "marked difficulties in maintaining social functioning[,]" and "repeated

episodes of decompensation, each of extended duration[.]"  More important to this

Step 4 RFC analysis, Dr. Mallhi's opinion as to Plaintiff's "mental functional

capacity" included "marked" limitations in her abilities to "interact appropriately

with supervisors and supervisory demands in a competitive job setting," "interact

appropriately with co-workers in a competitive job setting," "deal appropriately

with the public," "maintain sustained concentration and attention," and "respond appropriately to customary work pressures five days a week in a routine work setting."  Dr. Mallhi also opined that Plaintiff's mental impairment(s) and treatment would cause her to be absent from work four times per month.  (R. at 344-347 [Ex. 9F], R. at 354-357 [Ex. 10F].)[4]

The ALJ assigned "little weight" to this opinion, noting the following three inconsistencies:  (1) Dr. Mallhi's September 12, 2013 psychiatric evaluation assessed Plaintiff's global assessment of functioning score as 55, which suggests moderate symptoms and difficulties, not marked or severe ones (R. at 342, 482);[5] (2) Dr. Mills's August 17, 2012 CE report, which, *inter alia*, found an adequate ability to follow simple instructions and a mild impairment in her ability to interact with others  (R. at 334-336); and, (3) Plaintiff's June 2013 and July 2013 function reports, each of which stated "O.K." when asked how well she got "along with authority figures" or follows "spoken instructions," although the June 2013 form

_____

[4] It seems that this form was actually prepared by therapist Dianne Hartman, LMSW.  A therapist is an "other source," whose opinion "*may*" be used "to show the severity of your impairment(s) and how it affects your ability to work."  20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1) (emphasis added) (effective pre-March 27, 2017); *see also* 20 C.F.R. §§ 404.1502, 416.902 (effective March 27, 2017).  Perhaps for this reason, the form was also *reviewed and approved* by Dr. Mallhi.  (R. at 347, 357.)

[5] "A Global Assessment of Functioning (GAF) score of 55 indicates 'moderate symptoms and moderate difficulty in social, occupational or school functioning.'"  *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 470 (6th Cir. 2016) (quoting *DeBoard v. Comm'r of Soc. Sec.,* 211 F. App'x. 411, 415 (6th Cir.2006)).

made her ability to follow instructions contingent upon whether she was taking

"pain medication[.]"  (R. at 188-189, R. at 201-202).  (R. at 35.)  Therefore, the

ALJ discounted Dr. Mallhi's medical source statement as internally inconsistent,

inconsistent with other record medical evidence and inconsistent with Plaintiff's

own function reports.  In other words, the ALJ permissibly discounted Dr. Mallhi's

opinion on the basis of the consistency factor.  20 C.F.R. §§ 404.1527(c)(4),

416.927(c)(4).

Plaintiff argued in her brief and at oral argument that this assignment of

weight was erroneous, because it placed too much emphasis on Dr. Mallhi's

September 12, 2013 assessment that Plaintiff's GAF score was 55 when there were

lower scores elsewhere in her medical record.  Such an argument asks this Court to

reweigh the evidence in her favor, a task which it is not permitted to undertake.

"Our task is not to reweigh the evidence.  That is solely the province of the

Secretary."  *Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472, 472 (6th

Cir. 1982) (citing *Wokojance v. Weinberger*, 513 F.2d 210 (6th Cir. 1975)); *see

also Haun v. Comm'r of Soc. Sec.*, 107 F. App'x 462, 465 (6th Cir. 2004) ("We

may not reweigh conflicting evidence on appeal . . . .").  Furthermore, even if

Plaintiff were correct on this point, the ALJ offered two other valid reasons for

discounting Dr. Mallhi's statement.  Finally, the ALJ expressly considered August,

September and October 2013 mental health records from Heron Ridge Associates,

19

ultimately citing the September 12, 2013 psychiatric evaluation as one of the bases for assessing the limitations of "no work in close proximity to coworkers" and "only superficial contact with the public."  (R. at 33-35.)  Consistently, the Step 4 RFC determination contains the corresponding limitation that Plaintiff "cannot perform . . . work in close physical proximity of coworkers[,]" and, although inartfully stated, limits Plaintiff to "brief and superficial contact with the public." (R. at 30.)  Thus, he did not entirely discount all of Dr. Mallhi's records.

### 3.    Consultative examiner (CE) Terrance A. Mills, Ph.D.

The ALJ assigned "some weight" to the August 17, 2012 opinion of "consultative psychological examiner" Dr. Mills that Plaintiff's ability to follow simple instructions was adequate and was mildly impaired in her ability to interact with others.  (R. at 35, R. at 334-336).  The ALJ found Dr. Mills's opinion "somewhat consistent with the record."  (R. at 35.)  Thus, the ALJ addressed the consistency factor.  20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

Plaintiff also points out that Dr. Mills would not have had access to any mental health treatment records.  (DE 25 at 28.)  Even so, the ALJ recognized that Dr. Mills was a consultative psychological examiner.  (R. at 35.)  Thus, he considered the treatment relationship, or lack thereof.  20 C.F.R. § 404.1527(c)(2), 416.927(c)(2).  Moreover, the regulations provide for such an examination.  20 C.F.R. §§ 404.1519, 416.919 ("A consultative examination is a physical or mental

20

examination or test purchased for you at our request and expense from a treating

source or another medical source, including a pediatrician when appropriate.").

Plaintiff also claims that Dr. Mills's opinion is internally inconsistent, where

he concluded that she had mild social impairment but she reported some difficulty

with social functioning.  (DE 25 at 28, R. at 334, 336.)  However, Dr. Mills also

noted that Plaintiff's "interactions with this examiner were appropriate" and "were

positive, as she was friendly, responsive, reserved, and cooperative."  (R. at 334-

335.)  In addition, Plaintiff reported to him that, despite "some conflicts with her

family,"  and being fired from a job after a physical confrontation with a coworker,

she "has a few friends," and "overall she got along well . . . ."  (R. at 334.)  She

claims that Dr. Mills's opinion conflicts with Dr. Qadir's opinion and Dr. Mallhi's

medical source statement; however, as with her similar challenge to Dr. Balunas's

opinion, *see infra* Section IV.B.4, Plaintiff does not elaborate on these conflicts.

(DE 25 at 28, R. at 322-324, 344-347, 354-357.)  These arguments are

unconvincing and essentially ask this Court to reweigh the evidence.  Accordingly,

the Court concludes that the ALJ appropriately assigned "some weight" to Dr.

Mills's opinion.

### 4. Non-examining, state agency psychological consultant Leonard C. Balunas, PhD.

Within the Step 4 RFC determination, the ALJ assigned "significant weight"

to Dr. Balunas's July 22, 2013 opinion that Plaintiff can "carry out one and two

21

step tasks that do not require extended periods of sustained concentration[,]" and

"perform tasks that involve occasional, incidental contact with the general public."

(R. at 35, R. at 76-77, 89-90). The ALJ found that Dr. Balunas's opinion was

"consistent with the record." (R. at 35.) This is permitted by the regulations,

which state that "[g]enerally, the more consistent an opinion is with the record as a

whole, the more weight we will give to that opinion." 20 C.F.R. §§

404.1527(c)(4), 416.927(c)(4).

As she did with Dr. Mills, Plaintiff takes issue with this assignment of

weight, contending that Dr. Balunas did not have the "benefit of access to any

mental health treatment records." (DE 25 at 28.) However, it appears that Dr.

Balunas had access to the July 11, 2013 CE report of Dr. Qadir, a board certified

psychiatrist, and his GAF score of 47 was mentioned within the "Findings of Fact

and Analysis of Evidence." (R. at 69 & 71, 82 & 84).[6] Moreover, although a

nonexamining source, Dr. Balunas is a highly qualified psychologist who is an

expert in social security disability evaluation. 20 C.F.R. § 404.1527(e)(2)(i),

416.927(e)(2)(i). The Sixth Circuit has recognized that there will "always be a gap

---

[6] On July 11, 2013, Dr. Qadir, performed a consultative examination. Dr. Qadir diagnosed "bipolar disorder, most recent episode depressed" and sought to "rule out posttraumatic stress disorder." He assessed Plaintiff's GAF score as 47 and noted that her prognosis was "guarded." (R. at 322-324.) The ALJ discussed Dr. Qadir's opinion in the Step 3 paragraph B criteria discussion and within the Step 4 review of mental health treatment records; however, the ALJ did not make an express assignment of weight to this CE report. (R. at 29, 33.)

between the time the agency experts review the record and give their opinion . . .
and the time the hearing decision is issued." *Kelly v. Comm'r of Soc. Sec.*, 314 F.
App'x 827, 831 (6th Cir. 2009). The ALJ may rely on such opinions as long as the
record reflects that the ALJ has considered the entire record. *Ealy v. Comm'r of
Soc. Sec.*, 594 F.3d 504, 513 (6th Cir. 2010).

Finally, Plaintiff claims Dr. Balunas's opinion conflicts with Dr. Qadir's
opinion and Dr. Mallhi's medical source statement, but she does not elaborate how.
(DE 25 at 28, R. at 322-324 [Ex. 6F], 354-357 [Ex. 10F].) Plaintiff also points out,
in fairly conclusory fashion, that Dr. Mallhi's medical source statement is
supported by his longitudinal treatment records and is consistent with Dr. Qadir's
CE report, but she does not illustrate how. (*See* DE 25 at 28-29, Exs. 6F, 9F, 15F.)
It is not the Court's role (particularly where Plaintiff is represented by counsel) to
comb this extensive medical record and make these comparisons, but, rather, to
determine if the ALJ based his decision on substantial evidence. Without more,
the Court concludes that the ALJ appropriately assigned "significant weight" to Dr.
Balunas's opinion.

### 5. Conclusion

Plaintiff points out that Dr. Mallhi is a specialist in psychiatry "who had
evaluated and treated [Plaintiff] several times." (DE 25 at 28.) Even so, the ALJ
makes clear that he appreciated that very point, acknowledging Balunas as the state

agency psychological consultant, Mills as the consultative psychological examiner and Mallhi as Plaintiff's psychiatrist. (R. at 35.) Therefore, the ALJ took into consideration each doctor's specialization and the treatment relationship. *See* 20 C.F.R. §§ 404.1527(c)(2),(5), 416.927(c)(2),(5).

As noted above, the ALJ considered the treatment relationship, consistency and/or specialization factors in weighing the opinions of Drs. Mallhi, Mills and Balunas. Moreover, the regulations do not require "an exhaustive factor-by-factor analysis." *Francis*, 414 F.App'x at 804-805.

In the end, the Court concludes that ALJ Blair appropriately assigned "significant weight" to the opinion of state agency psychological consultant Dr. Balunas, "some weight" to the opinion of CE Dr. Mills, and "little weight" to the medical source statement of treating psychiatrist Dr. Mallhi. As the ALJ's treatment of the opinion evidence within the Step 4 RFC determination is consistent with 20 C.F.R. §§ 404.1527, 416.927, is clear to this subsequent reviewer,[7] and was Plaintiff's only basis to challenge the Step 4 RFC determination, the Step 4 RFC determination is affirmed.

### C.   Plaintiff has not shown an error in the ALJ's Step 3 determination as to Listings 12.04 and 12.06.

---

[7] "[T]he notice of the determination or decision . . . must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2P, 1996 WL 374188 (July 2, 1996).

Plaintiff argues that the ALJ erred in finding that Plaintiff's mental impairments do not meet or equal a listed impairment, in particular Listings 12.04 ("Depressive, bipolar and related disorders") and 12.06 ("Anxiety and obsessive-compulsive disorders"). (DE 25 at 25-27.) The Commissioner argues that substantial evidence supports ALJ Blair's Step 3 finding as to these listings. (DE 26 at 13-20.)

To begin, Plaintiff's one and a half page challenge to the Step 3 findings are largely undeveloped, and, as such, may be treated as waived. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)) (citation and internal quotation marks omitted).Still, even if the Court treats it otherwise, Plaintiff has failed to demonstrate reversible error.

At Step 3, the ALJ concluded that "[t]he severity of the claimant's mental impairments do[es] not meet or medically equal the criteria of Listings 12.04 and 12.06." (R. at 28). In finding that Plaintiff had "mild restriction" in activities of daily living, "moderate difficulties" in social functioning, "moderate difficulties" with regard to concentration, persistence or pace, and "no episodes of decompensation, which have been of extended duration[,]" the ALJ assigned

"great weight" to the July 22, 2013 opinions of state agency psychological

consultant, Dr. Balunas.  (R. at 28-29, 68-79, 81-92).

Along the way, the ALJ also relied upon the August 17, 2012 consultative

examination (CE) report of licensed psychologist Terrance A. Mills, Ph.D. (R. at

334-336 [Ex. 8F]), the July 11, 2013 CE report of Fariha Qadir, M.D. (R. at 321-

324 [Ex. 6F]),[8] and certain records from Heron Ridge Associates (R. at 337-353

[Ex. 9F]).  Moreover, the ALJ relied upon Plaintiff's function reports (R. at 183-

195 [Ex. 3E], 196-208 [Ex. 4E]) and hearing testimony (R. at 42-66).  In the end,

the ALJ stated, "[b]ecause the claimant's mental impairment does not cause at least

two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of

decompensation, each of extended duration, the 'paragraph B' criteria are not

satisfied."  (R. at 29-30.)

Plaintiff has not met her burden on this issue:  "even if these reasons failed

to support the ALJ's step-three findings, the error is harmless, because [Plaintiff]

has not shown that h[er] impairments met or medically equaled in severity any

listed impairment . . . ."  *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366

(6th Cir. 2014).  Initially, as previously noted, her listings argument is

---

[8] In two different places in his decision, the ALJ erroneously refers to Dr. Mills's
CE has having been subsequent to the CE by Dr. Qadir.  (*See* R. at 29, 33.)
However, as the Commissioner notes, "any error regarding the ALJ's discussion of
the timing of the mental consultative reports was harmless."  (DE 26 at 15 n.7.)

undeveloped.  Plaintiff claims that "ample evidence was presented to demonstrate listing level combined conditions of Depression (12.04), and Anxiety Disorder (12.06)," based on "marked to severe impairments in activities of daily living, social functioning, and attention / concentration[,]" but Plaintiff's suggested conclusion appears to rely upon lay evidence, the opinion of Dr. Qadir and the October 2013 medical source statement from Dr. Mallhi.  (*See* DE 25 at 25-27.) Here, I note that Dr. Mallhi's October 2013 medical source statement "checks off" how Plaintiff meets 12.04's requirements for "Depressive syndrome" and 12.06's requirements for "generalized persistent anxiety," and further claims that she first met these listings in October 2011.  (R. at 344-346 [Ex. 9F], 354-356 [Ex. 10F].) Still, other than noting that Dr. Qadir assessed Plaintiff as having a GAF of 47, Plaintiff has not shown how Dr. Mallhi's medical source statement is consistent with Dr. Qadir's July 11, 2013's CE report (R. at 321-324 [Ex. 6F]).  Plaintiff does not go through the various "criteria" of the listings.  Also, the ALJ considered the lay evidence.  First, he expressly considered Plaintiff's hearing testimony and function reports in evaluating each of the first three Paragraph B factors.  (R. at 28-29.)  Second, even if the ALJ did not expressly refer to Plaintiff's WHODAS form, she has not challenged the ALJ's finding that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely

credible."  (R. at 31-34.)  Finally, the ALJ's failure to expressly cite Plaintiff's

mother's WHODAS form is not fatal.  As one Court has summarized:

> The ALJ *may* use evidence of "other" sources to show the severity of
> a claimant's impairments and how those impairments affect the
> claimant's ability to work.  20 C.F.R. § 404.1513(d).  These "other"
> sources include non-medical sources such as spouses, parents and
> other caregivers, siblings, other relatives, friends, neighbors and
> clergy.  20 C.F.R. § 404.1513(d)(4).  Perceptible weight *must* be
> given to lay testimony when "it is fully supported by the reports of the
> treating physicians."  *Lashley v. Secretary of Health and Human
> Services,* 708 F.2d 1048, 1054 (6th Cir.1983).  *See also, Simons v.
> Barnhart,* 114 Fed. Appx. 727, 733 (6th Cir.2004) ("[t]he testimony
> of lay witnesses, however, is entitled to perceptible weight only if it is
> fully supported by the reports of the treating physicians") (citing
> *Lashley*).

*McHaney v. Commissioner of Social Sec.*, No. 1:11–CV–51, 2012 WL 1094663

(W.D. Mich. Mar. 30, 2012 (emphases added)).  Plaintiff points out that her

mother's WHODAS form alleges that Plaintiff has severe or extreme problems

with "understanding and communicating," "getting along with people," and

"participation in society," and further points out that her mother's August 27, 2014

letter explains that she is the caretaker of her daughter and toddler grandchild;

however, this reference occurs within her review of the administrative record.  (DE

25 at 8, R. at 221-223, 225.)[9]  Within her listings argument, Plaintiff has not shown

that her mother's statements are "fully supported by the reports of the treating

---

[9] The administrative record also contains a letter from Plaintiff's mother, which
Plaintiff also cites in her review of the administrative record.  (DE 25 at 8, R. at
225 [Ex. 10E].)

physicians[,]" namely Dr. Mallhi's October 2013 medical source statement (R. at 344-347 [Ex. 9F], R. at 354-357 [Ex. 10F]), as required by *Lashley*, 708 F.2d at 1054.  In fact, it seems that Plaintiff's only other reference to "Ex. 9E" is in a string citation within her listings argument after purporting to describe how Dr. Balunas's opinion was "inconsistent with overwhelming lay evidence."  (DE 25 at 26.)

Instead, Plaintiff's Step 3 listings argument essentially rehashes her argument that the ALJ improperly weighed the opinion evidence at Step 4, which this Court finds unpersuasive.  (*Compare* DE 25 at 25-27, 27-29.)   For example, Plaintiff contends that Dr. Balunas's finding of mild to moderate impairments conflicts with Dr. Qadir's July 11, 2013 CE report, which assesses a GAF of 47 (R. at 321-324 [Ex. 6F]), and Dr. Mallhi's October 2013 "treating mental health care professional questionnaire," presumably because it assesses "marked restriction of activities of daily living," "marked difficulties in maintaining social functioning," and/or "repeated episodes of decompensation, each of extended duration" as to Listings 12.04 and 12.06 (R. at 344-347 [Ex. 9F], R. at 354-357 [Ex. 10F]).  (DE 25 at 25.)  However, as addressed above, the ALJ appropriately weighed the opinion evidence.

Also, Plaintiff argues that the ALJ took the single GAF score of 55 and made it "dispositive of issues of listing level severity or RFC assessment," contrary

to SSA Instruction AM-13066.  (DE 25 at 26.)  I disagree.  As to "social functioning," the ALJ considered various assessments of Plaintiff's GAF scores – 50 by Dr. Mills on August 17, 2012 (R. at 334-336), 47 by Dr. Qadir on July 11, 2013 (R. at 322-324), and 55 by Dr. Mallhi on September 12, 2013 (R. at 340-343, 479-482).  (R. at 29.)  Then, in finding that Dr. Mallhi's GAF score of 55 was "more consistent with the record[,]" the ALJ explained:

> In particular, the claimant testified that she has trouble being around others because of a history of abuse (Hearing Testimony).  In the Function Reports, the claimant stated that people got on her nerves but that she got along with authority figures (Exhibits 3E, 4E).  The consultative psychological examiner, Dr. Mills, indicated that the claimant interacted appropriately with the examiner.  Dr. Mills also found that the claimant had only a mild impairment interacting with others (Exhibit 8F).  Thus, the undersigned gives great weight to the State agency psychological consultant's opinion that the claimant is moderately limited in social functioning, as it is consistent with the record (Exhibits 2A, 4A).

(R. at 29.)  Accordingly, the ALJ did not treat Dr. Mallhi's GAF score of 55 as "dispositive," but instead found it consistent "with the record as a whole," as he was permitted to do.  20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).  Again, the ALJ gave good reasons, supported by substantial evidence, for why the higher GAF score appeared closer to the mark and why he weighed the evidence as he did. This Court cannot reweigh this evidence or choose differently among the various GAF scores on appeal.

### 4.  Conclusion

The ALJ's consideration of the opinion evidence from "acceptable medical sources" at Step 3 was consistent with 20 C.F.R. §§ 404.1527, 416.927.  Moreover, Plaintiff has not successfully challenged the ALJ's Step 3 treatment of opinion evidence from "other sources."  20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4).   For these reasons, the ALJ's Step 3 determination is affirmed.

## V.    ORDER

Having considered the motion papers and thoughtful oral arguments of counsel for the parties, Plaintiff's motion (DE 25) is **DENIED**, Defendant's motion (DE 26) is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**


Dated: March 29, 2017          s/Anthony P. Patti
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 29, 2017, electronically and/or by U.S. Mail.

                               s/Michael Williams
                               Case Manager for the
                               Honorable Anthony P. Patti